## PARKS, Ex Parte, in Re.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 20202.   Decided March 4, 1946.

Lee C. Howley, Law Director, Anthony A. Rutkowski, Asst. B. J. Conway, Asst., Cleveland, for plaintiff appellee.

Leo J. Pressman, Parker, Shackelford & Dixon, Cleveland, for defendant appellant.

380

## OPINION

By SKEEL, P. J.

James Parks, the appellant herein, filed an application for a writ of habeas corpus in the court of common pleas. Upon hearing the writ was denied and this appeal was instituted seeking to reverse the judgment of the trial court on questions of law.

Parks had previously been charged in a criminal proceeding in the Municipal Court of Cleveland with a violation of Section 2978-1 of the Revised Municipal Code. This section provided against possessing "policy slips" within the city. The defendant, upon trial, was found guilty and sentenced to pay a fine of $200.00 and ordered imprisoned in the workhouse for thirty days. The judgment of conviction was affirmed upon appeal to this court and his motion to have the record certified for review of the supreme court was overruled and a mandate ordering the sentence executed was issued to the Municipal Court of Cleveland.

On the 26th day of May, 1945, after the mandate had been issued, the defendant presented himself to the cashier in the clerk's office of the criminal branch of the Municipal Court and tendered $100.00 to the cashier and surrendered himself to the Chief of Police. The cashier refused to take the money, whereupon this proceeding was begun, claiming that he was being unlawfully detained by the police department of the City of Cleveland.

The basis of the defendant's claim is founded upon the provisions of Sections 394 and 395 of the Municipal Code (1924) of the City of Cleveland which provide as follows:

"Sec. 394: Whenever a fine and costs are imposed on any offender by the criminal branch of the municipal court for violation of any ordinance of the city, now in force, or which may thereafter be in force, and the same are not paid within twenty-four hours from the time said fine and costs are imposed, the clerk of court shall, on precipe filed by the director of law, issue an execution against the goods and chattels, and for want thereof, against the body of such offender, to the

chief of police or other proper officer, who not finding goods or chattels whereon to levy, shall commit such offender to the workhouse, there to remain and be kept at hard labor until such fine and costs are paid, or such offender be otherwise discharged in due course of law."

"Sec. 395: Whenever both imprisonment in the workhouse and fine and costs are imposed by the criminal branch of the municipal court on such offender, and it is made part of the sentence that such offender shall stand committed until the fine and costs are paid, or until otherwise discharged in the due course of law, it shall not be deemed necessary, nor shall it be required of the clerk of said court in any such case, to issue an execution for the collection of such fine and costs while such offender stands so committed, but in case such offender shall pay such fine and costs, or any part thereof, in money to the director of public health and welfare, at any time before his or her specified term of imprisonment has expired, it shall be the duty of said director to discharge such offender. The fine so received by the director shall be paid into the city treasury to the credit of the general fund, and the costs so received by him shall be paid into the city treasury to the credit of the general fund." (R. O. Sec. 1184)

The defendant does not claim, as is clear from the foregoing statement of the case, that the court was without jurisdiction to try the criminal charge filed against him or upon conviction to impose an appropriate penalty. The complaint seems to be that if Section 395 of the Municipal Code (1924) of the City of Cleveland is valid, the director of public health and welfare failed to afford him the benefits of its provisions.

The proper remedy under such circumstances is in mandamus and not in a proceeding in habeas corpus.

In the case of **Ex parte Scott, 19 Oh St 581,** in the third paragraph of the syllabus, the supreme court held:

"When the custodian of a party so imprisoned refuses on request to take him before the commissioner of insolvents, in order to discharge him under the provisions of said act, the most convenient and appropriate remedy is by mandamus and not by habeas corpus."

It should be noted that the defendant did not bring himself within the provisions of Section 395. The money was tendered to the clerk of the court and not the director of health

and welfare, nor was the defendant yet imprisoned in the workhouse.

Coming now to a consideration of the validity of Sec. 395 of the Municipal Code (1924) of the City of Cleveland **Sec. 3 of Art. 18** of the **Constitution of Ohio** provides:

"Municipalities shall have authority to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and other similar regulations, as are not in conflict with general laws."

The city has no power, as is declared by the Constitution, to pass any police regulation in conflict with general law. The supreme court in the case of **Municipal Court of Toledo et al v State ex rel Platten, 126 Oh St 103,** held in the first paragraph of the syllabus:

"1. Criminal procedure in the state is regulated entirely by statute and the state has thus created its system of criminal law covering questions of form and penalties and has provided its own definitions and procedure."

Chapter 30 of the Code of Criminal Procedure deals with the imposition of sentence and procedure there-under.
**Sec. 13451-15 GC, provides:**

"Imprisonment until fine and costs are paid. Credit rate. —In cases where a fine may be imposed in whole or in part, in punishment of a misdemeanor including the violation of an ordinance of a municipality and such judge or magistrate has authority to order that such person stand committed to the jail of the county or municipality until the fine and costs are paid, the court may order that such person stand committed to such jail or workhouse until said fine and costs are paid or secured to be paid, or he is otherwise legally discharged, provided that the person so imprisoned shall receive credit upon such fine and costs, at the rate of three dollars per day for each day's imprisonment."

(120 v 320; 113 v 200, Oh 30, Par. 15. eff. Aug. 27, 1943)

**Sec. 13452-10 GC, provides:**

"Parole by county commissioners. The county commissioners of a county not having a workhouse, may, on the written recommendation of the judge who has tried the case and the sheriff of the county where the prisoner is confined release on parole an indigent prisoner confined in the jail of

such county, for non-payment of fine and costs alone. The parole in such case shall be in writing signed by the prisoner so released and conditioned for the payment of the fine and costs by him in labor or money in installments, or otherwise, and shall be approved by the prosecuting attorney of the county and the provisions of §6212-17 GC, shall not prevent the commissioners from releasing such indigent prisoner as herein provided."

(Sec. 6212-17 GC, was repealed 115 O. L. part 2, 118 (164) §63 (109 v 194) eff. 12-23-33)

The manner of enforcing the payment of fines imposed by a trial court having been completely covered by state law in the Code of Criminal Procedure, any ordinance in conflict with such Code would be void and unenforceable.

■ The provision of Sec. 395 of the Municipal Code of Cleveland providing that upon the payment by an offender of the fine and costs imposed, or any part thereof, to the director of health and welfare, before the term of imprisonment has expired, that it shall then be the duty of said director of health and welfare to discharge the offender, is clearly in conflict with the provisions of the Code of Criminal Procedure above set forth and is therefore void and unenforceable.

The judgment is affirmed.

LIEGHLEY J. & MORGAN J., concur.